May it please the Court. Your Honor, what I'm here to argue today is primarily and almost exclusively that what we're dealing with in this particular case is an error made by the District Court as to the statute of limitations and the proper test that should have been applied and whether or not the proper test, I'm sorry, whether or not that test was in fact applied appropriately under the circumstances. I do not believe there is any dispute that the proper test in this circumstance is the test that was formulated under the United States Supreme Court decision in 2C. Our argument in this particular circumstance is that while Judge Urbanski got the issue right when he looked at prong one of the 2C decision, that he did not get the analysis correct when he reached  an opinion denying the motion to dismiss pretrial. He indicated specifically and he relied I would say almost exclusively on the government. This is Judge Shedd. Let me ask the question. Is the only motion you made on statute of limitations made to the indictment? Yes, Your Honor. The former counsel who handled the matter was Well, I'm just talking about what it is in the case. As I see this the only motion on statute of limitations was made on the basis of the indictment. Is that correct? Yes. It was not made again at trial or to the district court at the end of trial. That is correct. There was no motion made at trial. So then why don't we just look simply at the indictment? Yes, sir. And the indictment has no statute of limitation problems as to these counts that I can see. Well, it doesn't. Your Honor, I would say that it does have a statute of limitations problem if the test that was brought in 2C is in fact applied appropriately. The problem and the reason that we think that there's an issue here that needs to be taken up and looked at very specifically by the Fourth Circuit. No, but just wait one second. The indictment alleges acts that occurred as late as 2011. Correct? That is correct. And the indictment was in 2013. That two years is within the five years of statute of limitation. That is correct, but whether or not those issues were presented to the district court in such a manner that the court could have properly found specifically that the government had carried its burden at that point, that's a different issue. No, but isn't the law that if you make a statute of limitations question on the indictment, you look at the indictment? And that's what the indictment says that on its face. Acts that occurred as late as 2011. And the indictment alleges that and the indictment was brought in 2013. That two years, that's within the statute of limitations. Why do you look outside the four corners of the indictment language? Well, Your Honor, when you're looking at the four corners of the indictment, the indictment still has to comply with the statutory statute of limitations that has been set by Congress. And just because the government alleges it in the indictment doesn't mean that the charge that's been brought falls within the applicable statute of limitations. I think you have that wrong, maybe. I think for a motion of statute of limitations based on the indictment, you look at the language in the indictment. As to what the facts play out in trial, that may be something else. But you just told me you never made that motion. I don't believe we did. I mean, I can look, I would look back. I can't find it either, no. I can't find it. Your answer comports with my understanding. But I want to know, why do we go beyond the if you make a motion, then I'll let you, after you answer, I'll let you move on. If somebody makes a motion to dismiss on the statute of limitations based on the indictment, I believe the law is we look at the indictment. And the indictment in this case clearly presents no statute of limitations problem. Why am I wrong on that? Because, Your Honor, the indictment still has to be founded on a statute that makes it illegal to do a particular act. And when that particular act is done outside of the statutory limitations framework, simply framing an indictment that says that it happened outside doesn't change the fact that when you look at the statute of limitations issue, you may make a challenge on some other basis on an indictment that it states something that's not a crime. Maybe. But if you make it on the statute of limitations, the law is, I believe, you just look at the indictment. And this indictment doesn't present any problem on statute of limitations. Your Honor, when the government is formulating the indictment, simply what they are doing in the indictment is raising allegations. They're not, I mean, it is an assertion that they're going to be able to at some point prove that. But again, that doesn't take away from the fact that what they're alleging to have taken place, if under the Toosie decision, the case, in fact, is not a continuing offense, then the indictment is charged incorrectly on its face. No, it's not. No, it's not. Not for statute of limitations purposes. See, a statute of limitations, I'm going to say this, ask this question and then move on. If the statute of limitations, based on the indictment, which is the only motion you've made in this case, I think it is and you think it is, if it said he did acts up to and including 1965, then you could move for a statute of limitations issue and you would probably win. But you just look at the dates in the indictment and they assert illegal activity through 20, that occurred in 2011. But you see it differently. I'll let you go ahead and make the argument if you see it. Yes, sir. Again, what I would encourage this Court to look at is when you are looking at this, again, the reason I do believe it is still an issue is because on its face, if the indictment is charging what is clearly a continuing offense based on the language of the indictment, then in that circumstance, the Court still has to look at and see whether or not it is, in fact, a continuing offense under Toosie. And the Toosie decision of course sets up the two pronged facts. I thought you had conceded that this Court has held that the predicate offenses underlying counts 3 and 5 are continuing offenses. They are. Well, then what's the issue? The issue is this, just to boil it down. You would have us believe that a statute with a predicate offense would be a point in time offense even though its Your Honor, and I think this is where the Fourth Circuit this is what we are asking the Fourth Circuit to look at. Under that prong 2, Judge Urbanski looked at that exact issue and analogized it to 924C. And I think you got it absolutely incorrect. Except that the only, as I understand it, the only, has any circuit come out the way you argue? No, it has not. In fact, two have come out the other way, saying that the statute of limitations for 924C doesn't begin to run until the elements constituting the violation have ceased. I agree. Why is that not the only common sense way to look at it? Well, I think when we are looking at it from common sense perspective. Or legal, for that matter. Or legal perspective, for that matter. In preparing for this, I went back and read through everything again. And I would note that Judge Urbanski in his memorandum, in a footnote indicated very specifically, he referenced a decision out of the Second Circuit that post-dated the Payne case. And that was the Proddy case. And as I re-looked at the Proddy case in getting ready for this, the Second Circuit did find an exception in that case. Help me with the answer to my question, though. How does that even work? Well, I think the problem from our perspective is that the court applied a test out of the Moreno decision that is not applicable. It went and brought in a test that was specifically... What are the predicate violations for Counts 3 and 5? On Count 3 and 5, it's 406. 40... Count 3 at 641, I think. Yes. And 408. Yes, ma'am. And they are continuing violations. Yes, we're not contesting that. Why isn't the inquiry over at that point? It's not over at that point because if you apply... And again, I think Judge Urbanski started it on this, but he didn't go far enough. If you look at what the Second Circuit did in Proddy, and again, he cites it. Why? Because they backed up. They looked at the Payne case, and they said, look, there are no exceptions to this if the statute of limitations has not run on the predicate. Assuming that you are correct, it's neither binding nor, at least as you are articulating it, particularly helpful. What's the rationale? The rationale is that if, in fact, there are circumstances under which the court would not allow the point-in-time offense to be essentially bootstrapped onto the continuing offense... Well, it's already bootstrapped because it's a predicate offense. But the question is, should it be allowed? That's never been decided by the Supreme Court, and at this point, I don't think that with regard to this, this particular statute that the Fourth Circuit's ever looked at that issue, and the Fourth Circuit has certainly indicated that it agrees generally with the holdings that have come out of the Second and Eighth Circuit, but then when Proddy comes out in 2013, Your Honor, and backs up and says, well, look, maybe we made a mistake with our blanket application... I'm really sorry. I'm not... I'm trying to get a substantive answer in the fact that the Supreme Court hasn't decided it doesn't really help guide our analysis. What is the support for your proposition in the law? In the law, the support is as follows. When you are doing the and it all falls back to, when you look at this statute, you have to be able to see that on its face, on its very face, that it was intended by Congress to be a continuing offense. And the answer is, it's just not there. You don't have to be able to see on the face of it, but I take your point. I mean, for example, Your Honor, when you look at the statute, and it has multiple predicate offenses, some of those predicate offenses, in fact, many of those predicate offenses... I mean, you're quite correct that unless the statute specifies the question is one of legislative intent and that the legislative intent is presumed to favor repose. Yes. But that only gets you so far. But if the court is doing the analysis and if we get to the second prong of Tuesday... I guess the problem that I see is that the district court judge in this case applied a venue test to the second prong of Tuesday to get past where... No, it applied a statutory interpretation and said the statute clearly contemplates a continuing offense because it includes a predicate offense, predicate violation that's a continuing offense. But it also includes predicate offenses, Your Honor, that are not continuing offenses, that are not, as I recall, 1028A. 1028A has several multiple predicate offenses. But isn't the reference to a specific one, as I recall? I'm sorry. It's in violated, aggravated identity. It's 28A, is it not? Yes, ma'am. That is correct. But within 28A, it references any offenses that are listed in a second subsection. And among that are multiple predicate acts, which... But I thought the predicate act in the applicable statutory provision is the one I just articulated. And I'll go back and look at it. I'm not sure I understand the court's question. I apologize. You know, fraud would seem to me to be intrinsically... could be intrinsically a continuing offense. Because here what you have for both counts three and count five are a course of conduct that the fraudulent act is repeated over and over and over again. And what you're asking us to do is to believe that Congress somehow didn't mean to attach any legal consequence to the fraudulent acts at the end of this pattern. That really all Congress was concerned about for statute of limitations purposes were the fraudulent acts that took place at the beginning or in fact the single fraudulent act that took place at the beginning. And no matter how many times that fraudulent act was repeated in subsequent years, and I agree with my colleague Judge Shedd that you have to look at the indictment, which alleges that it went on for quite a while, and you're saying that Congress really meant all of that to be irrelevant and that Congress really wanted to ignore for statute of limitations purposes the fact that Social Security fraud in particular is by its nature a repetitious crime because the payments come in monthly installments and if you're on to a pattern of fraud and it's working for you, you're going to continue to commit the pattern of fraud that's working for you. And to say that Congress thought, oh well, no problem, it's only the first $3,000 or $2,000 of survivor benefits that you got way back in 2006, that seems to me to just gut the statute. I think I would agree with the Court but for the fact that my client was convicted of two different continuing offense counts that dealt exactly with the type of behavior that the Court is describing and the type of behavior that is charged in 1028A and I think is supported by some of the findings and some of the banter that Judge Urbanski makes back and forth with counsel in the motion to dismiss initially is that he indicates that there was one use and one use of the Social Security number. Anything that came after that was the government sending paperwork or the government doing this? It was made over and over and over again. And in fact it had to be used to change the depository institution. That's what the government said. Well, how else do you communicate? How else do you induce the government to respond and change the depository institution on an account? I think it certainly, and the evidence didn't support exactly how that went down. I think it was clear Mr. Treacy talked to somebody but as to who was talking and whether or not... No, wait a minute. This is Judge Shedd. On that very question, in the testimony from the folks for the government that to make those changes that were made, the false numbers would have to be presented. That was the testimony and after a conviction, the government is entitled to the evidence in their favor. Judge Duncan's question makes exactly the point. You can't argue against that. There was testimony that the jury heard that not any continual offense but a specific act by your client he made during the relevant time period that would require the use of this number. Isn't that the testimony at the trial? That is what the witness said, yes sir. That would be called testimony at the trial. Certainly. And the government is entitled to that. So why isn't the government, let me lay it out for you one more time, why isn't the government if you get past the indictment, which I'm not sure you can, but if you do, I don't even see why you have to talk about continuing violation. I know the briefs did and the judge did, but there's specific evidence at the trial of specific incidents, specific acts that would require use of that number. That takes you out of any statute of limitations question, doesn't it? I don't think so because again I disagree with the court in the way that the evidence was brought in. She said that it would have had to, but there was no specific testimony. It doesn't matter at this point. Thank you. Ms. Wright. Thank you, your honor. May it please the court. The section 1028A charges in this case were timely under multiple theories and the district court's denial of Treacy's motion to dismiss them should be affirmed. That's the only real question we have, isn't it? The limitations point. Yes, your honor. That is the only question and I agree with the points made by yourself and Judge Shedd that really this case should be limited to the language of the indictment itself and we view the indictment on its face and because it did allege this continuing course of conduct that continued through 2011, that's all we really need to know for purposes of the motion to dismiss. Now Judge Urbanski below did get more into the facts. We talked about a lot of questions. It seems to me again that fraud is often accompanied by a modus operandi that a perpetrator settles upon a particular means of defrauding the government and taking public funds and if it goes undetected the perpetrator is emboldened to try to utilize these means again and again because to him it's a gift that keeps on giving and to hold that something which by its nature often takes the form of a repetitive course of conduct and a repetitive pattern of behavior is not a continuing offense for statute of limitations purposes seems to me to just hollow out the statute because if you commit an act in the beginning and once five years or whatever has passed from that first act or two then you're home free and you can commit every subsequent act with impunity because it's time barred and that can't be, that just can't be the way this statute works I mean it's a, statutes don't normally confer these sorts of freebies upon perpetrators of patently criminal acts. We absolutely agree with that your honor and I think as the court points out the approach that Mr. Treacy takes focuses entirely inappropriately on just the beginning of the course of conduct and does not consider at all either the case law dealing with these questions or all of the acts that continue to happen in this case throughout this time that are exactly the increased harms that Congress would be attempting to deal with. Do you think this question rises and ends on the language of the indictment itself? I do your honor. I think that there is case law that supports looking in more detail into the facts. Granted most of that case law does come up in a situation where the statute of limitations was challenged both before trial and after trial and that doesn't really get into the details of the indictment your honor. Yes the allegations in the complaint are what govern here and looking at the indictment in this case and it's allegation that this Let's go beyond the indictment. Let's go beyond the indictment. Let's go to the evidence presented at trial. Do you need any theory of continuing enterprise of continuing activity of continuous crime to win on the statute of limitations question? Yes or no? No. Because in this case. Why not? Why not? Because in this case we had multiple distinct uses of KG's social security number during the limitations period. Both you and Judge Duncan referred to this partly the best example I think is the request that Precy made to change the way he was paid under KG's social security account. In the submission in connection with the motion to dismiss which is a JA 147 the government said that consistently with social security practices this request for a change needed the use of KG's social security number and the testimony at trial exactly bore that out. Judge Tomlin excuse me Pamela Tomlinson the technical expert from the social security administration testified at JA 449 to 50 that Mr. Precy had to use the social security number to request this change. That was the only way these changes were made. And did that change fall within the statute of limitations period? It did Your Honor. That change was in 2010. There were two additional ones that were also requested and reflected by these letters that are in Exhibit C in connection with the motion to dismiss and then that were described at trial. So there were three, two in 2010 and two in 2011 all of which were within the statute of limitations period because the indictment was returned August 1st 2013 so we would go back to August 1st 2008. So you've given us three ways to decide this case in ascending order of granularity. We can decide the indictment because we presume the allegations in the indictment to be true and it alleges a continuing, it alleges ongoing behavior. We can do it on the grounds that these actions that occurred, the actions to change the nature of the deposit actually occurred within the statute of limitations so you don't have to get to the theory of continuing offenses or we can go global and say that if a predicate offense is a continuing offense then the statute that incorporates it must be as well. Yes, absolutely Your Honor. Any of those three? As far as you're concerned. It's interesting because it's a good question because the route that you take among those three is important and isn't the cleanest way to look at the indictment and see what the time period alleged is. Now, as a fallback you would still have, as Judge Shedd points out, the government's entitled to rely on its evidence at trial but assuming the allegations in the indictment to be true just for very limited purpose of deciding a statute of limitations question, why wouldn't that be the route? I think that would be a perfectly appropriate route, Your Honor. Is it the best route from your point of view? It is a route that there's less case law doing, I think just because of the uniqueness of the situation in this case where we only had... He asked you if this was the best route. That's what he asked you. Well, I guess I would, I think there are two best routes, I would say. I think the indictment, I think, does potentially leave some things unclear for district court judges because they could say, well, what if, I mean in connection with the challenge to the indictment, for instance... You would appreciate clarity on one or two of the broader issues, but you'll take a win any way you can. We think there are many ways to get a win here, but yes, I think it would be very helpful to have clarity based on how courts around the country are approaching these issues and I think the narrowest way to achieve the clarity would be under the principle of, I mean, sort of the definitional principle of where we have these offenses under Section 1028A and they have among their elements other predicate felonies, you can't start counting the statute of limitations as to them until the predicate felonies are complete and this was the route that the district court took, so having an opinion on that issue would be helpful in validating that approach. What's the problem with looking for limitations purposes and the indictment sets forth a specific time period? Do you see an objection in this case to just looking at the time period in the indictment as the relevant time period for limitations purposes? I don't see any objection to that, Your Honor. I think that appropriately is consistent with other pretrial determinations and then would enable the issue to be brought up. Is that, in this case, the cleanest way to resolve it? There's an alternative way to resolve it, which is to go back and look at the trial evidence, but the cleanest way to resolve it is to look at the indictment, isn't it? Yes, that does make sense, Your Honor. I would add just one quick note about the trial, going back to the trial evidence, I think normally one wouldn't necessarily look at the trial evidence. You seem... It changes the approach that we've been taking. You're just explaining the various alternatives or the alternative scenarios and the degrees of guidance they provide. You're perfectly comfortable with a decision on the indictment. Yes, I am, Your Honor. And I guess briefly talk about some of the other points. We do think on the question of whether these offenses were predicate offenses, that would be reviewed at most for plain error. I just wanted to note that, and I think it's very clear under Section 1028 AC-11 that these are predicate offenses and there's no appropriate limitation in that regard and that the other arguments that Mr. Feecy raises here don't state any actual basis for relief. So unless there are further questions, we will Thank you, Mr. Nagey. I see that you're court-appointed and you have some rebuttal time. Do you want to come up and use your... Do you have anything to say on rebuttal? I really... You have the time. You have the time if you want to use it, but... I was under pressure on my own about three minutes left, and with that time I don't really have any other issues that I want to delve into at this point, again, unless the court had a question for me. Okay. Just let me say this. Yes, sir. Judge Wilkinson, I couldn't hear what he said as he walked up to the microphone. I heard once he got there, he said, unless we have questions, but he was talking all the way up and I didn't hear... catch one word of that. I apologize, Your Honor. What I had indicated was that I believed I had about two to three minutes of rebuttal time left based on what I saw when I was talking previously and that with that amount of time I didn't have any other issues that I felt were pertinent to speak on at this point unless the court had questions. Let me say this. I don't have a question, but I have a comment. Yes, sir. I don't particularly like your response right there when you say I've only got two to three minutes. The suggestion is you can't change anybody's mind. I don't know about that, but I'm speaking for me, not anybody else on the panel. I've been a federal judge for 26 years, 14 on this court. I don't think the way you opened your argument was appropriate. I asked you a question about the law and then you started to respond and Judge Duncan said to you, that doesn't matter. Now, unless I missed something through this system, you didn't say anything. You just took your notebook and went back to your chair. I thought, I think you should have responded. You need to say, well, Judge Duncan, I understand your view of Judge Shedd. I thought proper practice would be for you to respond and not just to back up during questioning and not be responsive and go and sit down. But that's me saying that for your future use and edification. Yes, sir. Thank you. Thank you. Thank you, Mr. H. We'll take a brief come down and bring a counsel and then take a brief recess. Thank you.
judges: J. Harvie Wilkinson III, Dennis W. Shedd, Allyson K. Duncan